**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Brian NOLLEY, also known as B–
Nolley, Defendant–Appellant.**

**No. 03–10382
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 9, 2003.

Linda Marie Dedman, US Attorney's Office, Dallas, TX, for Plaintiff–Appellee.

Kenneth Wayne Mullen, Fort Worth, TX, for Defendant–Appellant.

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Brian Nolley appeals from his guilty-plea conviction for conspiracy to possess with intent to distribute mixtures containing cocaine and cocaine base. Nolley's sentence was increased pursuant to U.S.S.G. § 2D1.1(b)(1) because a firearm was possessed. He argues that the Government's failure to allege his use or possession of a firearm in the indictment rendered his judgment of conviction invalid under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Nolley's *Apprendi* argument is foreclosed by our holding in *United States v. Randle*, 304 F.3d 373, 378 (5th Cir.2002), cert. denied, —— U.S. ——, 123 S.Ct. 1748, 155 L.Ed.2d 514 (2003).

Nolley also contends that his judgment of conviction is invalid on the same ground under *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). He asserts that, despite contrary language in *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), the holding of *Harris* is suspect in light of *Ring*. Nolley's arguments regarding *Ring* and *Harris* are wholly lacking in merit.

Accordingly, the district court's judgment of conviction is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.